UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

      "AGENT ORANGE"


PRODUCT LIABILITY LITIGATION

-----------------------------------------------------------x

MARIE HANSEN, *et al.*,

          Plaintiff,

      -against-

DOW CHEMICAL COMPANY, *et al.*,

          Defendants,
-----------------------------------------------------------x


LESLIE D. DICKMAN, *et al.*,

          Plaintiff,

      -against-

DOW CHEMICAL COMPANY, *et al.*,

          Defendants,
-----------------------------------------------------------x

PAUL ERHARD, *et al.*,

          Plaintiff,

      -against-

DOW CHEMICAL COMPANY, *et al.*,

          Defendants,
-----------------------------------------------------------x

MEMORANDUM,
ORDER & JUDGMENT


MDL 381




CV 08-2266 (JBW)








CV 07-3920 (JBW)








CV 06-464 (JBW)

1

EARL J. FONTENOT, *et al.*,

        **Plaintiff,**

        -against-                      **CV 07-3919 (JBW)**

DOW CHEMICAL COMPANY, *et al.*,

        **Defendants,**
-----------------------------------------------------------------x

ISAIH GOLDSBY, *et al.*,

        **Plaintiff,**

        -against-                      **CV 06-3014 (JBW)**

DOW CHEMICAL COMPANY, *et al.*,

        **Defendants,**
-----------------------------------------------------------------x
JAMES MACKRILL, *et al.*,

        **Plaintiff,**

        -against-                      **CV 06-463 (JBW)**

DOW CHEMICAL COMPANY, *et al.*,

        **Defendants,**
-----------------------------------------------------------------x
CLYDE MCGUIRE, *et al.*,

        **Plaintiff,**

        -against-                      **CV 05-2402 (JBW)**

DOW CHEMICAL COMPANY, *et al.*,

        **Defendants,**
-----------------------------------------------------------------x
BRUCE SUBER, *et al.*,

        **Plaintiff,**

DOW CHEMICAL COMPANY, *et al.*,

**Defendants,**

----------------------------------------------------------------x

JACK B. WEINSTEIN, Senior United States District Judge:

## I.    Introduction

These are actions for pollution caused by leaking barrels of herbicides known as "Agent Orange" delivered by defendants, manufacturers of Agent Orange, to the government pursuant to government war contracts more than a third of a century ago.  The barrels have been stored on government land and tended to by agents of the government since delivery to the government. Pursuant to government orders during the Vietnam War, Agent Orange was produced by the defendants, delivered to the government at the plant after inspection by the government, stored in barrels by the government, and transferred by the government to a government storage area, where they have been subject to corrosion by salt in sea-air, and possibly by their contents. Nearby residents in the lead case, *Hansen*, 08-cv-2266, claim that the barrels have leaked, leaching into the water supply, causing injuries to them.

The manufacturer defendants move for summary judgment based on the government contractor defense.  The government supports this defense.  *See* Def. United States' [*Amicus Curie*] Br. Addressing Private Manufacturers' Mot. Dismiss & Pls.' Claims, May 13, 2009, Docket Entry No. 42; Hr'g Tr., Oct. 6, 2009, at 10 [hereinafter Hr'g Tr.].

The motion of defendant manufacturers is granted.

While other defendants, agents of the government responsible for caring for the barrels and manufacture of the barrels, apparently have not been served, it is futile to allow the case to

proceed against them. *See* Hr'g Tr. 2-3. The case is dismissed against them for failure to prosecute. *Id.*

Upon oral motion of the government, the case is dismissed against it on sovereign immunity grounds. *Id.* at 12-13.

The same issues will be presented in each of the captioned cases. Each one is dismissed.

## II. Facts

Defendant manufacturers are The Dow Chemical Company, Monsanto Company, Hercules Incorporated, Occidental Chemical Corporation (as successor by merger to Diamond Shamrock Chemicals Company), Maxus Energy Corporation, Tierra Solutions, Inc. (formerly known as Chemical Land Holdings, Inc.), Valero Energy Corporation (as successor by merger to Ultramar Diamond Shamrock Corporation), T.H. Agriculture & Nutrition Company, Inc., Thompson Hayward Chemical Company, Harcros Chemical Co., Elementis Inc. and Uniroyal, Inc.

Other defendants apparently include entities responsible for: manufacturing the drums in which the herbicides were delivered and for disposal and remediation; none has been served. The United States is also a named defendant; it has not been served.

The motion by plaintiffs to amend the complaint against defendants other than the manufacturers is denied as futile and too late. *See* Hr'g Tr. 2-3, 12-13; Fed. R. Civ. P. 15.

According to plaintiffs, the government has known for forty years that Agent Orange was corrosive since it wasted parts of aircraft used for spraying. *See* Resp. to Chemical Companies Renewed Mot. Summ. J., Sept. 30, 2009, Docket Entry No. 75; Hr'g Tr. 4-6. By contrast, the government and manufacturers contend that Agent Orange did not cause corrosion of the barrels; it was the salt air. Hr'g Tr. 4-5, 6, 10.

4

Following its inspection and acceptance of the product in barrels, the government has stored and tended to the product on government land. There is no evidence that defendant manufacturers had access to the land or authority to inspect or remedy any alleged inadequacy in the barrels.

### III. Law and Application of Law to Facts

#### A. Manufacturers

The government contractor defense "protects government contractors from . . . liability . . . when they provide defective products to the government." *In re "Agent Orange" Prod. Liab. Litig.*, 517 F.3d 76, 82 (2d Cir. 2008). This defense bars a suit if: 1) the government approved reasonably precise specifications for the product alleged to have caused injury; 2) the product conformed to those specifications; and 3) the manufacturer warned the government about dangers in the use of the product that were known to the manufacturer but not to the government. *See Boyle v. United Technologies Corp.*, 487 U.S. 500, 512 (1988).

All elements of the defense have been satisfied beyond any possibility of present dispute. *See In re "Agent Orange" Prod. Liab. Litig.*, 304 F. Supp. 2d 404, 435 (E.D.N.Y. 2004), *aff'd*, 517 F.3d 76. Amendment of the pleadings could not avoid this bar. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1951 (2009).

Precluded are claims against the manufacturers of Agent Orange by the government contractor defense. *See, e.g., In re "Agent Orange" Prod. Liab. Litig.*, 304 F. Supp. 2d 404; *id.* at 426 ("[The United States government] closely supervised production and tested the Agent Orange delivered to ensure that it complied with specifications.").

5

Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure there is no just reason for delaying judgment. Pendency of this nonmeritorius action against the manufacturers may affect their credit and unnecessarily burden them and the court with further proceedings.

## B. Non-Manufacturers

The non-manufacturers, not having been served, have not moved for dismissal. Some have apparently cared for the barrels while they were leaking on government land, and allegedly polluting surrounding private land and water. As government contractors, these government agents would be entitled to the same government contractor defense as the manufacturers or to immunity. *See infra* Part III.C; *Boyle v. United Technologies Corp.*, 108 S.Ct. 2510 (1988).

Claims against non-manufacturers are not "plausible". They are dismissed. *See Aschcroft v. Iqbal*, 129 S.Ct. 1937, 1951 (2009); Hr'g Tr. 2-3. Further litigation with costly discovery involving these private parties is not warranted. *See Iqbal*, 129 S.Ct. at 1953.

Since these other parties have not been served, the complaint against them is dismissed for failure to prosecute. Hr'g Tr. 2-3.

## C. Government

The United States moved orally for dismissal on sovereign immunity grounds. Hr'g Tr. 12-13. There is no basis for jurisdiction against the government. *Id.* There is no indication of compliance with federal tort claims jurisdictional or procedural requirements. *See* 28 U.S.C. §§ 2675 (presentation of claims before serving), 2679 (exclusiveness of remedy), 2680(a) (discretionary function). Plaintiffs' complaint against the government is dismissed.

The government may provide compensation without judicial action. *See, e.g., Dalehite v. United States*, 73 S.Ct. 956 (1953); Texas City Disaster Relief Act, Pub. L. No. 84-378, 69 Stat. 707 (1955) (compensation provided by Congress after Texas City explosion disaster, in which

ships containing ammonium nitrate fertilizer exploded).  Plaintiffs may not seek compensation

through judicial means.

### IV.      Conclusion

Summary judgment is granted to each defendant in each captioned case.  Judgment in

favor of all defendants shall be entered in 08-cv-2266, 07-cv-3920, 06-cv-464, 07-cv-3919, 06-

cv-3014, 06-cv-463, 05-cv-2402, and 06-cv-462.

The cases are dismissed.  No costs or disbursements are granted.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Date:     October 7, 2009
          Brooklyn, New York